McCORD v. SOUTHERN RAILWAY COMPANY.

(Filed June 13, 1902.)

1. NEGLIGENCE— *Contributory Negligence* — *Personal Injuries* — *Damges.*

 The evidence in this case as to negligence of railroad in injuring person who was assisting in digging a well for the railroad company, is sufficient to be submitted to the jury.

2. EVIDENCE—*Pleadings—Complaint.*

 Where part of the complaint in an action is put in evidence, the party making the complaint is entitled to have the whole complaint introduced.

3. APPEAL—*Case on Appeal—Assignment of Error.*

 It will not be assumed that an assignment of error is a correct statement of facts therein recited, where such facts do not appear in the case stated by the trial judge.

Action by W. E. McCord against the Southern Railway Company, heard by Judge *W. A. Hoke* and a jury, at July Term, 1901, of the Superior Court of Mecklenburg County. From a judgment for the plaintiff, the defendant appealed.

*McCall & Nixon,* for the plaintiff.
*George F. Bason,* for the defendant.

CLARK, J.   The plaintiff was employed by the defendant
to assist in digging a well 20 feet square for the use of its
road.   There was a cross-piece over said well, used as a
cross-way by those in digging the well.   The plaintiff ob-
jected that this cross-piece was not secure, whereupon the de-
fendant's "boss" in charge of the work made a show of fixing
said cross-piece, and assured plaintiff that said cross-piece was
all right, in consequence of which assurance, and relying upon
it, the plaintiff attempted to go out upon said cross-piece to
turn off the steam jet, which was part of his duty; but said
cross-piece having been insecurely fixed, it turned and threw
into the well, whereby he was injured.

At the close of the plaintiff's evidence, and again at the
close of all of the evidence, the defendant moved for a non-
suit, and the refusal to do so is the ground of the defendant's
first and third exceptions.

There was much evidence in support and in contradiction
of the above, but as on this motion the evidence must be taken
most strongly in favor of the plaintiff, it is clear that the
Court could not hold that there was no evidence sufficient to
go to the jury.   The plaintiff testified that it was his duty to
turn off the steam jet, and the earth being banked, mud knee
deep all around the piling except at the place where the cross-
piece was laid, and that there was no appliance or means pro-
vided by the company to reach the jet except by going out on
this cross-piece, which was provided for that purpose, and
that he was careful to observe and test that cross-piece, and at
his instance it was worked upon, and he was assured by the
"boss" that it had been made safe; that it was in fact an un-
safe appliance, and he was injured in consequence.   It be-
ing the plaintiff's duty to go out on the cross-piece, it was
negligence in the defendant to give him an unsafe place and
appliance for his work.   Upon this evidence, the Court could
not do otherwise than to submit the issues as to negligence
and contributory negligence to the jury.

McCord v. Railway.

The defendant put in evidence a paragraph of the plaintiff's complaint as an admission against him. Whereupon the Court allowed the plaintiff to put in evidence the other paragraphs of the complaint which referred to the same matter, and which he contended explained it. It is elementary that when part of a declaration or admission is put in evidence, the party making it has a right to have the whole of the declaration brought out. Whether it explains or modifies the other part already in evidence, is for the jury. This disposes of the second exception.

The fourth exception is to "giving prayers asked by the plaintiff," but the case as settled by the Judge shows none, and that must govern, even if the appellant had set out the alleged prayers, which he does not. *Patterson v. Mills,* 121 N. C., 258, and other cases cited in Clark's Code (3d Ed.), page 762. There is no exception to the charge of the Court, which, besides, is very full and clear, and entirely fair to the defendant.

The fifth and last exception is to the refusal of a new trial upon the foregoing exceptions.

No Error.